**COUNCIL ON POLICE TRAINING,**
Appellee–Below, Appellant,

v.

**STATE of Delaware, Appellant–
Below, Appellee.**

No. 49, 2014.

Supreme Court of Delaware.

Submitted: May 28, 2014.
Decided: June 2, 2014.

Rae M. Mims, Esquire, State of Delaware Department of Justice, Dover, Delaware, for Appellant.

Stephani J. Ballard, Esquire, Wilmington, Delaware, for Appellee.

Before STRINE, Chief Justice, HOLLAND, and BERGER, Justices.

STRINE, Chief Justice:

## I. INTRODUCTION

This appeal requires us to address a situation where a police officer retired while his conduct was under investigation

by his employing police force. After the officer retired, the Council on Police Training (the "Council") revoked his certification as a police officer in the State of Delaware under its authority in 11 *Del. C.* § 8404(a)(4)(e), on the grounds that the officer's retirement itself constituted a knowing and voluntary waiver of his right to a hearing under the Law Enforcement Officer's Bill of Rights.[1] Because the plain language of § 8404(a)(4)(e) provides that the Council may only revoke the certification of a retired officer if the officer both retired pending the resolution of an investigation that could have resulted in his discharge from the police force *and* "knowingly and voluntarily waived" his right to a hearing under the Law Enforcement Officer's Bill of Rights, the Council erred. Because the only evidence of waiver is the very fact that the officer retired while under investigation, the Council's finding of waiver ignores the plain statutory requirement that the retiring officer not only have retired while under the cloud of an investigation that could result in his discharge from the police force, but also that the officer knowingly and voluntarily have waived his right to a hearing under the Law Enforcement Officer's Bill of Rights. Because the officer here did not do so, the Superior Court's reversal of the Council's revocation of his certification must be affirmed.

## II. BACKGROUND[2]

Warren C. McGee, a Master Corporal with the Delaware State Police, was summoned to testify in a trial on February 16, 2012. McGee was off that day. When an officer is summoned to testify when he is otherwise off, he is considered to be on standby duty and receives at least two hours of overtime regardless of whether he is called to testify. But when the court liaison officer contacted McGee to notify him that the trial was going forward and request that he appear in court, McGee was not available because he was undergoing a previously scheduled colonoscopy instead. The next day, February 17, 2012, McGee was not feeling well and asked another police officer to submit his overtime sheets. McGee's overtime sheets, which had been prepared in advance, included an overtime slip claiming overtime for the two hours when he was supposed to be available to testify, but was not.[3]

Two days later, McGee was notified that he had been suspended for an unspecified criminal matter. McGee was not paid for the two hours of overtime. The matter of the inaccurate overtime sheet was referred for criminal investigation, but the State ultimately declined to prosecute McGee and no criminal charges were brought against him. McGee's attorney informed him that the criminal investigation had been closed.

Thereafter, McGee retired from the State Police on March 30, 2012. The State Police did not pursue an Internal Affairs investigation against McGee and did not lodge any administrative charges against McGee before he retired. McGee was not notified of any pending Internal Affairs investigation against him before he retired. But McGee was still under suspension at the time he retired.

On July 16, 2012, McGee was notified that he was the subject of an Internal

---

1. 11 *Del. C.* § 9200 et seq.

2. These facts are drawn from the record and from the Superior Court's decision below. The facts are not contested by the parties.

3. McGee asserts that the inclusion of the inaccurate overtime slip was inadvertent, *see* Answering Br. at 7, but we do not make any factual finding regarding that issue as it is not necessary to resolve this appeal.

Affairs investigation and that the Council believed that grounds for his decertification existed under 11 *Del. C.* § 8404(a)(4)(e). Certification by the Council is required to be a police officer in Delaware.[4] Section 8404(a)(4)(e) provides that:

> The Council may ... [s]uspend or revoke certification in the event that an individual ... [h]as received a hearing pursuant to the [Law Enforcement] Officer's Bill of Rights, or who has knowingly and voluntarily waived that individual's right to such a hearing and:
>
> 1. Has been discharged from employment with a law enforcement agency for a breach of internal discipline; or
>
> 2. Has retired or resigned prior to the entry of findings of fact concerning an alleged breach of internal discipline for which the individual could have been legitimately discharged had the individual not retired from or resigned that individual's position prior to the imposition of discipline by the employing agency.

The Law Enforcement Officer's Bill of Rights sets forth a heightened standard of due process that requires a hearing subject to specific procedural requirements (an "Officer's Hearing").[5] Section 8404(a)(4)(e)(2) was added to prevent law enforcement officers from escaping consequences by retiring or resigning before the required Officer's Hearing was held, which would prevent decertification by the Council, and thus preserve the law enforcement officer's ability to seek a job with another law enforcement agency. Only current law enforcement officers are entitled to an

Officer's Hearing, and because McGee had retired from the State Police, he was not entitled to one.

Instead, McGee requested a hearing before a three-member panel that was appointed by the Council, which was held on September 17, 2012. McGee contested the authority of the Council to decertify him in the absence of any internal disciplinary charges at the time of his retirement. On September 25, 2012, the three-member panel issued a written opinion finding that: (i) McGee knowingly and voluntarily waived his right to an Officer's Hearing by retiring; (ii) McGee retired rather than face possible discipline for "alleged misconduct;" and (iii) the "alleged misconduct" would have been a legitimate ground for McGee's discharge. The three-member panel recommended that the Council decertify McGee.

McGee submitted written exceptions to the panel's recommendation, and the full Council considered McGee's case on October 16, 2012. On November 15, 2012, the Council voted unanimously to accept the recommendation of the hearing panel that McGee be decertified. McGee then appealed the Council's decision to the Superior Court. On January 17, 2014, the Superior Court reversed and remanded the Council's decision. The Council now appeals from the Superior Court's opinion.

### III. ANALYSIS

The parties presented the Superior Court with wide-ranging arguments regarding the proper interpretation of § 8404(a)(4)(e). But to dispose of this appeal, we need not, and therefore do not, resolve most of these arguments. Rather,

---

4. 11 *Del. C.* § 8410(a) ("Police officers of the State ... which do not meet the requirements of this chapter and the criteria as established by the Council shall not have the authority to enforce the laws of the State.").

5. 11 *Del. C.* § 9200 et seq.

the judgment of the Superior Court must be affirmed based on the unambiguous language of § 8404(a)(4)(e).

The record indicates that McGee retired while he was under suspension because of possible misconduct involving: (i) scheduling a colonoscopy that precluded his appearance in court on a day when he had been summoned to testify and failing to seek to have the trial or his appointment rescheduled; (ii) failing to appear in court when trial was to start because, rather than being available as was required for officers on standby duty, he was undergoing the colonoscopy; and (iii) submitting a request to be paid for the hours in question. The record also indicates that McGee's conduct was the subject of a criminal investigation that had been concluded at the time of his retirement and that was not going to result in criminal prosecution. Nonetheless, at the time McGee retired, he remained under suspension and the record indicates that the State Police's Internal Affairs unit was likely to pursue administrative action against McGee for misconduct that, if proven, could have led to McGee's discharge.

■ Contrary to McGee's suggestion on appeal, there was no mystery as to the possible basis for which he could have been found to have committed misconduct that would justify discharge. To the extent it was determined that McGee had intentionally scheduled a medical procedure on a date when he was required to be available in court on the mathematical bet that the matter in which he was summoned to testify would be resolved without a trial, and

that he intended to take the pay that came with being on standby when he was in fact not available to testify, then that would justify discharge. Likewise, if it was determined that McGee intentionally sought to be paid for his time on the morning when he was undergoing a colonoscopy and he failed to come to court to testify when a case was going to trial, that too would justify discharge. If either act was done with the intention to reap pay on false pretenses, then that is unacceptable misconduct, especially by a law enforcement officer.

■ The problem with the Council's decision to decertify McGee is that it ignored the reality that § 8404(a)(4)(e) has two requirements in a situation like this. The Council may only decertify an officer if she either receives an Officer's Hearing or waives it [6] *and* retires or resigns before the entry of findings of fact concerning an alleged breach of internal discipline for which the individual could have been legitimately discharged.[7] McGee retired before the entry of any findings of fact concerning the alleged breach of internal discipline. Thus, the only issue that needs to be reached here is whether there was any basis in the record to find that McGee had knowingly and voluntarily waived his right to an Officer's Hearing.

■ There is none. By its plain terms, a law enforcement officer's mere retirement or resignation cannot in itself satisfy § 8404(a)(4)(e); otherwise, the separate requirement that the individual either receive an Officer's Hearing or have waived

---

6. 11 *Del. C.* § 8404(a)(4)(e) ("Has received a hearing pursuant to the [Law Enforcement] Officer's Bill of Rights, or who has knowingly and voluntarily waived that individual's right to such a hearing *and* ...").

7. 11 *Del. C.* § 8404(a)(4)(e)(2) ("Has retired or resigned prior to the entry of findings of

fact concerning an alleged breach of internal discipline for which the individual could have been legitimately discharged had the individual not retired from or resigned that individual's position prior to the imposition of discipline by the employing agency.").

her right to one would be superfluous.[8] As a result, there must be additional circumstances that accompany an individual's retirement or resignation that support a finding that the Officer's Hearing was knowingly and voluntarily waived.

As to this, we understand, as the Council argues, that § 8404(a)(4)(e) is intended to prevent police officers who are facing serious disciplinary inquiries to avoid the consequences of their conduct by retiring or resigning. But the waiver requirement contained in § 8404(a)(4)(e) can be given effect by the State Police in many easy-to-administer ways that would prevent officers under investigation from escaping responsibility.

For example, a police force could give an officer who is suspended a notice that she is suspended because her conduct is under investigation and that a retirement or resignation while on suspension would constitute a knowing and voluntary waiver of her right to an Officer's Hearing. Or, a police force could adopt a general policy in which it is made clear that if an officer retired or resigned in certain circumstances in which possible misconduct that could give rise to discharge is under investigation, then that would constitute a knowing and voluntary waiver of her right to an Officer's Hearing.

In this case, when McGee took action to retire, the State Police could have taken action to obtain a waiver from McGee, either by asking McGee expressly to waive his right to an Officer's Hearing under the Law Enforcement Officer's Bill of Rights, or by refusing to accept McGee's retirement immediately when he tendered it and indicating in a written response that McGee could not retire until the investigation and any resulting disciplinary action against him was concluded without thereby waiving his right to an Officer's Hearing under the Law Enforcement Officer's Bill of Rights. Had McGee insisted on retiring in either of those circumstances, after having been offered the chance to defend himself using the potent special rights given to law enforcement officers by the Law Enforcement Officer's Bill of Rights, McGee's conduct could have been determined by the Council to constitute a knowing and voluntary waiver satisfying § 8404(a)(4)(e).

The problem here is that the State Police took none of those actions. McGee retired under a cloud but without any interaction with the State Police that gave him notice that he would be waiving an Officer's Hearing by retiring and that the Council could then proceed to decertify him without giving him such a hearing. Thus, the only basis for concluding that McGee waived his right to an Officer's Hearing was the mere fact that he retired while under investigation for possible misconduct. The General Assembly easily could have written § 8404(a)(4)(e) to explicitly state that any retirement or resignation under the cloud of an investigation that could result in discharge from the police force, without more, was enough to constitute a waiver, but it did not do so.[9]

Instead, the General Assembly required not only that the individual retire or resign, but also that the individual either receive an Officer's Hearing or knowingly

8. See Taylor v. Diamond State Port Corp., 14 A.3d 536, 538 (Del.2011) ("We also ascribe a purpose to the General Assembly's use of statutory language, construing it against surplusage, if reasonably possible."); Dewey Beach Enters., Inc. v. Bd. of Adjustment of Town of Dewey Beach, 1 A.3d 305, 307–08 (Del.2010) (quoting Oceanport Indus., Inc., v. Wilmington Stevedores, Inc., 636 A.2d 892, 900 (Del. 1994)).

9. 11 Del. C. § 8404(a)(4)(e) (requiring both an Officer's Hearing or waiver and retirement or resignation before an individual's certification can be revoked).

and voluntarily waive it before an individual's certification can be revoked. To hold that anytime an individual retires or resigns under threat of discipline that she has also thereby knowingly and voluntarily waived her right to an Officer's Hearing is inconsistent with the plain language of the statute. Because McGee's retirement in that circumstance is the only basis for finding a waiver here, the Superior Court's decision to reverse the Council is affirmed.

We premise our affirmance on this narrow ground. The Superior Court's other determinations—for example, that § 8404(a)(4)(e) can never be invoked unless the employing police force formally charges an officer with disciplinary violations before the officer retires—do not form a basis for our affirmance. Those determinations have important policy consequences and are not premised on language in § 8404(a)(4)(e) itself. Indeed, permitting a law enforcement officer to retire when she is suspended for possible misconduct and knows that her employing force still has the matter under investigation and has not yet decided whether to charge her with misconduct would seem to gut a core purpose of the statute's enactment. Nothing in the plain language of § 8404(a)(4)(e) supports that reading, and nothing in this affirmance should be read as endorsing the Superior Court's more expansive reading.

## IV. CONCLUSION

Because there is no evidence in the record that supports the Council's determination that McGee knowingly and voluntarily waived his right to an Officer's Hearing, the judgment of the Superior Court is AFFIRMED.